OPINION
{¶ 1} Defendant-appellant, Sean Sizemore, appeals his sentence in the Butler County Court of Common Pleas for attempted complicity to commit aggravated robbery.
 {¶ 2} In November 2004, appellant was indicted on two counts of complicity to aggravated robbery, each with a firearm specification. It was alleged that on two separate occasions, appellant aided and abetted Robert Bradley in committing an aggravated robbery. Specifically, appellant aided and abetted Bradley on June 15, 2004 by being the driver of a vehicle involved in the robbery of a Subway Restaurant (where $300 in cash was taken), and on June 22, 2004 by being a lookout for the robbery of the Maggard's Grocery Store (where $285 in cash was taken). Both robberies involved the use of a sawed-off shotgun.
 {¶ 3} On December 14, 2004, appellant orally pled guilty[1] to two counts of attempted complicity to commit aggravated robbery, a second-degree felony, each with a firearm specification. The trial court accepted appellant's guilty plea, sentenced him to two consecutive seven-year prison terms for the attempted complicity to commit aggravated robbery counts, ordered him to pay a $3,000 fine as to each count, and sentenced him to two consecutive three-year prison terms for the firearm specifications (for a total of 20 years in prison). The trial court also ordered appellant to pay $585 in restitution, and credited him with 99 days for time served. Appellant appealed, raising four assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT SENTENCED HIM TO A TERM OF IMPRISONMENT IN EXCESS OF THE MINIMUM SENTENCE."
 {¶ 6} Appellant argues that the trial court erred by sentencing him to more than minimum and consecutive prison sentences based on facts neither found by a jury nor admitted by appellant. In support of this assignment of error, appellant cites his Sixth Amendment right to a jury trial, and the rule expressed by the United States Supreme Court under Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and its progeny.
 {¶ 7} In light of the recent decision of the Ohio Supreme Court in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, appellant's first assignment of error is sustained. Pursuant toFoster, the sentences imposed by the trial court were based on unconstitutional portions of R.C. 2929.14. Id. at paragraph one of the syllabus. We therefore vacate appellant's sentences and remand this case for a new sentencing hearing consistent withFoster. Id. at ¶ 103-104. See State v. Hooks, Butler App. Nos. CA2004-02-047, CA2004-02-050, and CA2004-02-051,2006-Ohio-1272.
 {¶ 8} As stated in Foster, appellant is entitled to a new sentencing hearing, although he may stipulate to the existing record and waive the taking of additional evidence. Foster at ¶ 105; State v. Mathis, ___ Ohio St.3d ___, 2006-Ohio-855, ¶ 37.[2] In resentencing appellant on remand, the common pleas court shall consider those portions of the sentencing code unaffected by Foster, and impose any sentence within the appropriate felony range. Foster at ¶ 105.[3]
 {¶ 9} As stated in Mathis, decided the same day asFoster, the portions of the sentencing code to be considered include the purposes of felony sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. Mathis
at ¶ 38. The court must also consider the record, any information presented at the sentencing hearing, any presentence investigation report, and any victim impact statement. R.C.2929.19(B)(1); Mathis at ¶ 37. Further, the court "must be guided by statutes that are specific to the case itself." Id. at ¶ 38. In accordance with Foster, the common pleas court has full discretion to impose a prison sentence within the statutory range, and is no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences. Foster at paragraph seven of the syllabus.[4]
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT SENTENCED HIM TO 20 YEARS IN PRISON."
 {¶ 12} Appellant argues that the trial court abused its discretion when it sentenced him to 20 years in prison. Appellant does not dispute that because of the firearm specifications, the trial court was required to sentence him to prison.[5]
Appellant contends the trial court abused its discretion by overlooking strong mitigating factors, to wit: he is an 18-year-old father; he committed the robberies as a juvenile; and he has a network of family and friends to support him.
 {¶ 13} Based on our resolution of appellant's first assignment of error, appellant's second assignment of error is moot. See App.R. 12(A)(1)(c).
 {¶ 14} Assignment of Error No. 3:
 {¶ 15} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTA-PPELLANT WHEN IT IMPOSED A FINE OF $3,000.00 ON EACH COUNT."
 {¶ 16} Appellant does not dispute that the fine is allowed under R.C. 2929.18(A)(3)(b), which allows a fine up to $15,000 for a second-degree felony. Appellant does, however, challenge the fines on the ground that there was no evidence before the trial court from which it could reasonably find appellant had the ability to pay $6,000 in fines, especially since appellant is an 18-year-old father, without a job or property, and about to spend 20 years in prison.
 {¶ 17} Based on our resolution of appellant's first assignment of error, and because we remand this case for a new sentencing hearing, appellant's third assignment of error is moot. See App.R. 12(A)(1)(c).
 {¶ 18} Assignment of Error No. 4:
 {¶ 19} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTA-PPELLANT WHEN IT DID NOT PROPERLY CREDIT HIM FOR TIME SERVED WHILE IN A JUVENILE DETENTION FACILITY AND WHILE IN ADULT DETENTION PRIOR TO HIS BINDOVER FROM JUVENILE COURT."
 {¶ 20} R.C. 2967.191 provides that a prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, * * * and confinement while awaiting transportation to the place where the prisoner is to serve [his or her] prison term." It is well-established that it is the sentencing court who determines the amount of time an offender served before being sentenced, and who calculates the number of days credit to which the offender is entitled by law. See Ohio Adm. Code 5120-2-04(B); State ex rel. v. Wilson (1991),68 Ohio App.3d 567.
 {¶ 21} Appellant was arrested on August 18, 2004. Because he was a minor at the time, he was initially incarcerated in the Butler County Juvenile Detention Center. After he turned 18 years old on September 8, 2004, appellant was subsequently transferred to the Butler County Jail. Appellant was eventually bound over to a grand jury on October 14, 2004. There is no evidence that appellant was ever released from detention between the day of his arrest and the day he was bound over to the grand jury.
 {¶ 22} In its sentencing entry, the trial court credited appellant with 99 days as of January 20, 2005. According to appellant, it is "clear that the court began the count on October 14, 2004, which was 99 days before January 20, 2005." Appellant asserts that the trial court's decision he is entitled to 99 days of jail time credit fails to account for the period he was confined between August 18 and October 14, 2004 (for a total of 57 days) in violation of R.C. 2967.191. The state agrees with appellant's position.
 {¶ 23} Appellant's fourth assignment of error is accordingly sustained. The decision of the trial court crediting appellant with only 99 days on January 20, 2005 is reversed. The cause is remanded with instructions for the trial court, once it re-sentences appellant following a new sentencing hearing, to credit appellant with an additional jail time of 57 days for the period appellant was confined from August 18 to October 14, 2004, and to calculate the number of days credit to which appellant is entitled for time served while this appeal was pending and until he is re-sentenced. See R.C. 2967.191; Ohio Adm. Code5120-2-04(B).
 {¶ 24} Judgment reversed as to sentencing only and remanded for further proceedings according to law and consistent with this opinion.
Walsh, P.J., and Bressler, J., concur.
[1] In a footnote in his appellate brief, appellant correctly points out that while he orally pled guilty at the December 14, 2004 hearing and the judgment of conviction entry found that he had entered a guilty plea, the parties and the trial judge actually filled out and signed a "Plea of No Contest" form. Appellant does not challenge the authority of the trial court to accept his guilty plea or the validity of his guilty plea, and does not assert that the trial court failed to comply with Crim.R. 11(C)(2) in accepting his guilty plea. Upon reviewing the transcript of the December 14, 2004 hearing, which included a thorough Crim.R. 11 colloquy by the trial court and a statement of facts as alleged in the indictment, we are satisfied that the trial court properly found appellant guilty of attempted complicity to aggravated robbery along with the firearm specifications. That being said, we strongly caution prosecutors, defense attorneys, and trial judges to carefully review, in the future, plea forms signed by the parties to ensure that a plea orally entered at a hearing is identical to the plea in the written plea form.
[2] While appellant may argue for a reduction in his sentences, nothing prevents the state from seeking greater penalties. SeeFoster at ¶ 105.
[3] As explained in Foster, Ohio's sentencing scheme no longer has presumptive minimum terms. See Foster at ¶ 96 and ¶ 97.
[4] The common pleas court is still required to make judicial findings if it orders a "downward departure" pursuant to R.C.2929.13(D). See Mathis at paragraph one of the syllabus.
[5] Because appellant was convicted on two counts of firearm specification under R.C. 2941.145, the trial court was required to impose a three-year prison term on each count. See R.C.2929.14(D)(1)(a)(ii).