OPINION
{¶ 1} Defendant-appellant Jerome Richardson appeals from his conviction and sentence in the Richland County Court of Common Pleas on one count of receiving stolen property (F5). Specifically, appellant contends that the trial court erred when it imposed a maximum sentence. Defendant-appellee is the State of Ohio
 STATEMENT OF THE FACTS AND CASE {¶ 2} Defendant-appellant Jerome Richardson was indicted on one count of burglary, in violation of R.C. 2911.12. On March 10, 2005, pursuant to a plea agreement, the State amended the charge to receiving stolen property, a fifth degree felony, and appellant entered a guilty plea to that count. The State further agreed to recommend that a presentence investigation be completed and community control sanctions be imposed. The trial court ordered that a presentence investigation be completed.
 {¶ 3} A sentencing hearing was held on April 24, 2005. The State recommended community control. However, appellant was sentenced to the maximum sentence of 12 months in prison, to be served consecutively to all other case(s). A corresponding Judgment Entry was filed on April 25, 2005.
 {¶ 4} It is from this conviction and sentence that appellant appeals, raising the following assignment of error:
 {¶ 5} "THE MAXIMUM SENTENCE WAS IMPOSED FOR A FELONY OF THE FIFTH DEGREE AND WAS IMPOSED FOR ONLY ONE OFFENSE."
 {¶ 6} In appellant's sole assignment of error, appellant argues that the trial court did not adequately state its reasons for imposing a maximum sentence.[1] We find that this matter must be remanded pursuant to State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, ___ N.E.2d ___ and State v. Mathis,
___ Ohio St.3d ___, 2006-Ohio-855, ___ N.E.2d ___.
 {¶ 7} In Foster, supra, the Ohio Supreme Court held that the requirement that a sentencing court make certain judicial findings and state its reasons before imposing maximum prison terms violated the U.S. Constitution. As such, R.C. 2929.14(C), which required those findings, and R.C. 2929.19(B)(2), which required that reasons be stated, were severed and excised in their entirety. Id. at ¶ 97.[2] The court mandated that its holdings must be applied to all cases on direct review and that those cases must be remanded for new sentencing hearings conducted in accordance with the dictates of Foster andMathis. Foster at ¶ 104 and 106; Mathis, at ¶ 37.
 {¶ 8} The Ohio Supreme Court provided guidance for resentencing. At the resentencing hearing, "[a]lthough . . . the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12 which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."Mathis, at ¶ 38.
 {¶ 9} Accordingly, appellant's sole assignment of error is sustained, on an alternative basis.
 {¶ 10} The judgment of the Richland County Court of Common Pleas is reversed. This matter is remanded for resentencing in accordance with State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, ___ N.E.2d ___.
Edwards, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is reversed. This matter is remanded for resentencing in accordance with State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, ___ N.E.2d ___. Costs assessed to appellee.
[1] Appellant also makes a bare assertion that there was an agreed upon sentence of community control. However, the record shows that the plea agreement only included an agreement for the State to recommend community control. The State complied. Further, appellant told the trial court he would not accept community control. Accordingly, we find appellant's assertion meritless.
[2] In addition, the requirements previously imposed by Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, which held that such findings and reasons supporting those findings must be stated at the sentencing hearing, no longer "survive." Id at ¶ 26.