OPINION
{¶ 1} Defendant-appellant, Teresa Johnson, appeals the sentencing decision of the Butler County Common Pleas Court.
 {¶ 2} In April 2005, appellant pled guilty to one count each of cocaine possession, receiving stolen property, forgery (all felonies of the fifth degree), and falsification (a misdemeanor of the first degree). Appellant was sentenced to 11 months in prison for cocaine possession (Count One), 11 months in prison for receiving stolen property to be served concurrently with Count One, 11 months in prison for forgery to be served consecutively with Count One, and six months in jail for falsification to be served concurrently with Count One. Appellant now appeals, raising two assignments of error.
 {¶ 3} In her first assignment of error, appellant challenges the imposition of consecutive prison terms on the ground it violated her Sixth Amendment right to a jury trial under Blakelyv. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. The assignment of error is sustained on the basis of the recent decision of the Ohio Supreme Court in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856. We therefore vacate the decision of the trial court sentencing appellant to consecutive prison terms and remand those consecutive sentences to the trial court for a new sentencing hearing consistent with Foster. See State v.Hooks, Butler App. Nos. CA2004-02-047, CA2004-02-050, and CA2004-02-051, 2006-Ohio-1272; State v. Sizemore, Butler App. No. CA2005-01-022, 2006-Ohio-1433.
 {¶ 4} In addition to imposing consecutive prison terms, the trial court also sentenced appellant to nonminimum prison terms on the three felonies. In Foster, the supreme court held that the imposition of nonminimum prison terms violates a defendant's Sixth Amendment right to a jury trial under Blakely because those sentences are based on judicial fact findings under R.C.2929.14(B) rather than on facts found by a jury or admitted by the defendant. Foster at paragraph one of the syllabus. As a result of the unconstitutionality of R.C. 2929.14(B) and other sentencing provisions in R.C. Chapter 2929, the supreme court determined that the four cases it was reviewing in its opinion, in addition to "those pending on direct review," must be remanded for resentencing. Id. at ¶ 104. Despite the foregoing holding inFoster, however, we decline to vacate the nonminimum prison terms imposed on appellant.
 {¶ 5} While appellant appealed her consecutive sentences, she did not appeal the nonminimum prison terms imposed for the three felonies. In State v. Saxon, ___ Ohio St.3d ___,2006-Ohio-1245, the Ohio Supreme Court was asked to determine "whether an appellate court may modify or vacate the entire multiple-offense sentence where a defendant assigns as error the sentence as to only one or more of those offenses but not the entire multiple-offense sentence." Id. at ¶ 1. In that case, the defendant pled guilty to a third-degree felony and a fourth-degree felony and was sentenced to four years on each count, to be served concurrently. The defendant appealed his sentence for the fourth-degree felony but failed to raise any alleged errors as to his sentence for the third-degree felony. The appellate court vacated not only the sentence for the fourth-degree felony, but the sentence imposed for the third-degree felony as well, and remanded the case for sentencing.
 {¶ 6} Relying on App.R. 12(A)(1)(b), which mandates an appellate court to "determine the appeal on its merits on the assignments of error," and R.C. 2953.08(G)(2), which allows an appellate court only to modify or vacate a sentence appealed under that section, the supreme court found that the appellate court exceeded its authority by considering an assignment of error not raised and vacating a sentence not appealed. The supreme court thus held that an "appellate court may only modify or vacate a sentence that is appealed by the defendant and may not modify or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense."Saxon at ¶ 30. The judgment sentencing appellant to nonminimum prison terms on the three felonies is, accordingly, upheld.
 {¶ 7} In her second assignment of error, appellant challenges the trial court's failure to comply with R.C. 2929.13(B) when it imposed a prison term for cocaine possession rather than community control. The assignment of error is overruled on the basis of State v. Fields, Butler App. Nos. CA2005-03-067 and CA2005-03-068, 2005-Ohio-6270. The judgment sentencing appellant to prison rather than community control for cocaine possession is accordingly affirmed.
 {¶ 8} Sentencing judgment affirmed in part, reversed in part, and remanded.
Powell, P.J., and Bressler, J., concur.