DECISION.
{¶ 1} Following the entry of guilty pleas, defendant-appellant Markeith Howard was convicted of felonious assault in violation of R.C. 2903.11(A)(2) ("the first count"), felonious assault in violation of R.C. 2903.11(A)(1) ("the second count"), and felonious assault in violation of R.C. 2903.(A)(2) ("the third count"). Attached to each count were two firearm specifications. The trial court imposed a two-year prison term for each felonious assault. The court merged the two gun specifications related to each count and imposed a three-year prison term. The prison term for the gun specifications was consecutive to the prison term for each underlying felonious assault, for a total of five years for each count. The trial court then ordered that the terms for the first and second counts be served consecutively, and that the prison term for the third count be served concurrently with the term for the first count, for a total prison sentence of ten years.
 {¶ 2} Howard timely appeals his sentence.
 {¶ 3} In his single assignment of error, Howard argues that the trial court erred by sentencing him to more than the minimum sentence and by imposing consecutive sentences.
 {¶ 4} Initially, we note that the trial court did not sentence Howard to more than the minimum prison term. Instead, the court did impose the minimum prison term for each count of felonious assault, a second-degree felony. A prison term from the range of two to eight years may be imposed for a second-degree felony.[1] Although the trial court stated at the sentencing hearing that it was imposing a five-year prison term for two of the counts, the judgment entry reflects the imposition of a two-year prison term for each count. Since a trial court speaks only through its journal, the judgment entry is controlling.[2]
 {¶ 5} R.C. 2929.14(E)(4) governs the imposition of consecutive sentences. Recently, in State v. Foster,[3]
the Ohio Supreme Court held that R.C. 2929.14(E)(4) was unconstitutional because it permits the trial court to impose consecutive sentences only after the court has made findings of facts not proved to a jury beyond a reasonable doubt or admitted by the defendant.[4] But the court held that R.C.2929.14(E)(4) could be severed and that, after severance, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing * * * consecutive * * * sentences."[5]
 {¶ 6} In this case, because the imposition of consecutive sentences for the first two counts of felonious assault was based on an unconstitutional statute, we hereby vacate those sentences and remand the cause for resentencing in light ofFoster.[6] Because the prison term for the third count of felonious assault was not based on an unconstitutional statute, we affirm that sentence.[7] We also affirm the sentences for the firearm specifications. Howard's assignment of error is sustained in part.
 {¶ 7} On remand, we remind the trial court that it may impose any sentence within the applicable statutory ranges, including consecutive sentences.
 {¶ 8} In sum, we vacate Howard's sentence only with respect to the first two counts of felonious assault and remand this cause for resentencing. Sentence vacated in part and cause remanded.
Hildebrandt, P.J., Doan and Hendon, JJ.
[1] R.C. 2929.14(A)(2).
[2] Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380, 382, 1996-Ohio-387, 667 N.E.2d 1194.
[3] ___ Ohio St.3d ___, 2006-Ohio-856, ___ N.E.2d ___.
[4] Id., paragraph three of the syllabus.
[5] Id., paragraph seven of the syllabus.
[6] Id. at ¶ 104 (resentencing the proper remedy for sentences based upon unconstitutional statutes).
[7] See State v. Upton, 1st Dist. No. C-050076,2006-Ohio-1107, at ¶ 31.