OPINION
{¶ 1} The defendant-appellant, Edwards A. Backs ("Backs"), appeals the October 27, 2005, Judgment of conviction and sentence entered in the Court of Common Pleas, Auglaize County, Ohio.
 {¶ 2} On April 29, 2005, Backs entered a guilty plea to one count of possession of drugs, in violation of R.C.2925.11(A)(C)(4)(a), a felony of the fifth degree. On August 24, 2005, the trial court sentenced Backs to five years of community control, imposed a $2,500.00 fine and a five year operator's license suspension.
 {¶ 3} On September 17, 2005, Sgt. Shawn Vondrell of the St. Mary's Police Department responded to a bar fight at the Friendly Tavern at approximately 5:40 p.m. Sgt. Vondrell observed six to eight people standing outside the bar and observed Backs walk across the street and get in a vehicle. Sgt. Vondrell approached the vehicle and spoke with the man in the driver's seat and instructed him and Backs not to leave. After speaking with other police officers, Sgt. Vondrell returned to the vehicle and spoke with Backs who had exited the vehicle. Sgt. Vondrell observed that Backs was unstable on his feet, had a strong odor of alcohol, and appeared to be intoxicated. Sgt. Vondrell was aware that Backs was on probation or community control and that the standard condition was not to consume alcohol or to be at an establishment that serves alcohol. He verified with the dispatcher that Backs was under said conditions and arrested Backs. Following the arrest, a breathalyzer test was administered at the station and the BAC test result was .211 BAC.
 {¶ 4} On September 21, 2005, an affidavit in support of a community control violation was filed asserting that Backs consumed alcohol and was in a liquor establishment on September 17, 2005. On October 17, 2005, Backs filed a motion to dismiss due to the violation occurring prior to his execution of the terms and conditions of his supervision. On October 26, 2005, a hearing was held and the trial court found that Backs had violated his community control and imposed a prison term of eight months.
 {¶ 5} On November 23, 2005, Backs filed a notice of appeal raising the following assignments of error:
 Assignment of Error I IT WAS AN ABUSE OF DISCRETION TO IMPOSE A PRISON TERM FOR THECOMMUNITY CONTROL VIOLATION.
 Assignment of Error II THE TRIAL COURT COMMITTED AN ERROR OF LAW BY NOT IMPOSING THESHORTEST SENTENCE.
 {¶ 6} Backs claims in his first assignment of error that the trial court abused its discretion by imposing an eight month prison term for the community control violation. More specifically, in Back's second assignment of error he asserts that the trial court erred by not imposing the shortest possible sentence term for the offense pursuant to R.C. 2929.14(B).
 {¶ 7} Pursuant to R.C. 2929.15(B),
If the conditions of a community control sanction are violatedor if the offender violates a law or leaves the state withoutpermission of the court or the offender's probation officer, thesentencing court may impose a longer time under the same sanction* * *, may impose a more restrictive sanction * * *, or mayimpose a prison term on the offender pursuant to section 2929.14of the Revised Code. * * *
Therefore, the trial court must consider R.C. 2929.14 and the August 25, 2005 Journal Entry regarding the order of sentence to determine what prison term it shall impose on Backs. The trial court may impose a prison term of six, seven, eight, nine, ten, eleven, or twelve months for a felony of the fifth degree according to R.C. 2929.14(A). The trial court specified in the August 25, 2005 Journal Entry that:
The Defendant is hereby NOTIFIED that if the conditions of theCommunity Control Sanctions are violated, the Court may impose alonger time under the same sanctions or more restrictiveCommunity Control Sanctions, or may impose a prison term ofTWELVE (12) MONTHS, plus POST RELEASE CONTROL TIME.
 {¶ 8} Accordingly, the trial court sentenced Backs to eight (8) months with the Ohio Department of Rehabilitation and Correction. Therefore, the trial court applied R.C. 2929.14(B) which provides that if the court is imposing a prison sentence on the offender, the trial court shall impose the shortest prison term authorized unless (1) the offender was serving a prison term at the time of the offense; or (2) the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender.
 {¶ 9} While this case was pending on appeal, the Supreme Court of Ohio addressed constitutional issues concerning felony sentencing in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster,2006-Ohio-856, at ¶ 97, 103. Pursuant to the ruling in Foster,
Back's assignments of error are sustained. Therefore, Back's sentence is vacated and the case is remanded for further proceedings.
Judgment Vacated and Cause Remanded.
 Bryant, P.J. and Rogers, J., concur.