OPINION
{¶ 1} Defendant-appellant, Tabitha Flynn, appeals the decision of the Butler County Court of Common Pleas, sentencing her to a maximum prison term for aggravated vehicular assault.
 {¶ 2} In May 2004, appellant was indicted on five counts: vehicular assault, aggravated vehicular assault, reckless operation, driving left of center, and failing to drive within marked lanes. The matter proceeded to a jury trial and appellant was found guilty on all counts. She was sentenced to a maximum prison term of five years on count two, aggravated vehicular assault, sentenced to a concurrent 17-month prison term on count one, vehicular assault, and sentenced to fines and costs on the remaining counts. She appeals raising the following assignment of error:
 {¶ 3} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT SENTENCED THE APPELLANT TO THE MAXIMUM PRISON TERM OF FIVE YEARS ON THE COUNT OF AGGRAVATED VEHICULAR ASSAULT, IN VIOLATION OF O.R.C. § 2903.08(A)(1)(a), A FELONY IN THE THIRD DEGREE."
 {¶ 4} In her assignment of error, appellant contends that the trial court failed to consider the principles and purposes of Ohio's sentencing scheme, codified at R.C. 2929.11, when it sentenced appellant to a maximum prison term. Specifically, she contends that the trial court erred by concluding that appellant had committed the worst form of the offense as defined by R.C.2929.14(B).
 {¶ 5} Although not specifically argued by appellant, we find that the Supreme Court of Ohio's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, is dispositive of this matter. In Foster, the supreme court held that parts of Ohio's felony sentencing scheme are unconstitutional, including R.C.2929.14(B), under which appellant was sentenced. The supreme court severed the provisions that it found to be unconstitutional, including this section. Id. at ¶ 97, ¶ 99. The supreme court prescribed the appropriate remedy for "all cases pending on direct review" as a reversal of the sentence and the remand of the cause for resentencing. Id. at ¶ 104. Consistent with Foster's mandate, we reverse the maximum sentence that was imposed on count two, and remand this case for resentencing. See, also, State v. Miller, Montgomery App. No. 21054,2006-Ohio-1138; State v. Howard, Hamilton App. No. C-050602,2006-Ohio-2093, ¶ 5-6; State v. Backs, Auglaize App. No. 2-05-44, 2006-Ohio-2145, ¶ 9; State v. Richardson, Richland App. Nos. 2005CA0037 and 2005CA0047, 2006-Ohio-1851, ¶ 6-7.
 {¶ 6} We note that, while sentenced on other counts to a prison term, fines, and costs, appellant has not raised any issues on appeal related to the remainder of her sentence. InState v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, the Ohio Supreme Court was asked to determine "whether an appellate court may modify or vacate the entire multiple-offense sentence where a defendant assigns as error the sentence as to only one or more of those offenses but not the entire multiple-offense sentence." Id. at ¶ 1. In Saxon, the defendant pled guilty to a third-degree felony and a fourth-degree felony, and was sentenced to four years on each count. The defendant appealed his sentence for the fourth-degree felony but failed to raise any alleged errors as to his sentence for the third-degree felony. The appellate court vacated not only the sentence for the fourth-degree felony, but the sentence imposed for the third-degree felony as well, and remanded the case for sentencing.
 {¶ 7} Relying on App.R. 12(A)(1)(b), which mandates an appellate court to "determine the appeal on its merits on the assignments of error," and R.C. 2953.08(G)(2), which allows an appellate court only to modify or vacate a sentence appealed under that section, the supreme court found that the appellate court exceeded its authority by considering an assignment of error not raised and vacating a sentence not appealed. The supreme court held that an "appellate court may only modify or vacate a sentence that is appealed by the defendant and may not modify or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense." Saxon
at ¶ 30. Consequently, the judgment sentencing appellant on the remaining counts is upheld. See, also, State v. Johnson, Butler App. No. CA2005-06-134, 2006-Ohio-1896.
 {¶ 8} Sentencing judgment affirmed in part, reversed in part, and remanded for resentencing.
Young and Bressler, JJ., concur.