DECISION AND JUDGMENT ENTRY
{¶ 1} Asa Miller appeals his aggravated burglary conviction from the Erie County Court of Common Pleas. Because we conclude that the conviction was supported by the manifest weight of the evidence and that the trial court did not err in not instructing the jury about the lesser included offense of burglary or in denying Miller's motion for new trial, we affirm.
 Facts {¶ 2} Asa Miller was indicted on three counts: aggravated burglary, attempted murder, and domestic violence, as a result of the events occurring in the early morning hours of December 1, 2001 at 928 West Market Street in Sandusky. Testimony at trial showed that Miller's wife, Luberda, was asleep with her grandchildren, when she was awakened by being grabbed by the neck and pulled out of bed by her estranged husband At that time, Miller was under a protection order to stay away from Luberda stemming from several instances of domestic violence between the couple.
 {¶ 3} With his hands still around her neck, Miller took Luberda into the living room and the kitchen. She was able to free herself by kicking Miller in the groin, but he regained control and dragged her down the stairs. Luberda testified that Asa stated that he was going to kill her. This threat was also overheard by Tina Trussell and Michael Woodbury, who were both at Luberda's residence that night. Woodbury was finally able to force Miller out of the residence.
 {¶ 4} Ultimately, the jury found Miller guilty of aggravated burglary but not guilty of either attempted murder or domestic violence. Miller was sentenced to five years of incarceration. He filed a new trial motion alleging that the verdict was not supported by sufficient evidence and was contrary to law. This motion was denied. Miller appeals his conviction and the denial of his new trial motion.
 Appellant's Assignments of Error {¶ 5} "1. The trial court erred in ruling that the appellant was guilty of aggravated burglary as the judgment was against the manifest weight of the evidence as presented to the court in that the court did not find him guilty of attempted murder or domestic violence and in order to find a person guilty of aggravated burglary there must be intent to commit and criminal offense."
 {¶ 6} "2. The trial court committed reversible error when it did not instruct the jury on the lesser-included offense of burglary R.C.2911.12 and did not grant a new trial."
 {¶ 7} "3. Appellant was substantially prejudiced as to his right to a fair trial because the court did not rule that because of the error in the judgment of the jury that he was entitled to a new trial."
 Appellant's First Assignment of Error {¶ 8} The first assignment of error is primarily a manifest weight of the evidence argument; however, it also touches upon the role of inconsistent verdicts. Recently, we reaffirmed the established rule that "Ohio courts have held that consistency between verdicts on multiple counts of an indictment is unnecessary." State v. Wilson, 6th Dist. No. L-01-1196, 2002-Ohio-5920, at ¶ 38. See also, State v. Hicks
(1989), 43 Ohio St.3d 72, 78; State v. Adams (1978), 53 Ohio St.2d 223,228, vacated on other grounds (1978), 439 U.S. 811; United States v.Powell (1984), 469 U.S. 57, 68. That rule applies here. Miller need not have been convicted of attempted murder or domestic violence to have his conviction for aggravated burglary stand See, e.g., State v. Ryder (Aug. 30, 2000), 9th Dist. No. 99CA007337.
 {¶ 9} The legal concepts of sufficiency of the evidence and weight of the evidence are quantitatively and qualitatively different. State v.Thompkins (1997), 78 Ohio St.3d 380, 386. Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. Id. at 387.
 {¶ 10} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. (citing Tibbs v. Florida (1982), 457 U.S. 31, 42). The appellate court, "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387 (quotingState v. Martin (1983), 20 Ohio App.3d 172, 175).
 {¶ 11} Weight of evidence and credibility of witnesses are matters for the trier of fact. The factfinder can hear, observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is far more difficult. A reviewing court must, therefore, accord due deference to the credibility determinations made by the factfinder. State v. DeHass (1967), 10 Ohio St.2d 230, at paragraph one of syllabus.
 {¶ 12} Miller was convicted of aggravated burglary, a violation of R.C. 2911.11(A)(1), which states that: "No person by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than the an accomplice of the offender is present, with purpose to commit in the structure or in a separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply: * * * The offender inflicts, or attempts or threatens to inflict physical harm on another."
 {¶ 13} A review of the record supports the jury's finding of aggravated burglary. First, testimony showed that Asa Miller, in the middle of the night, entered Luberda Miller's residence without her permission, while she and others were there. He did this even though there was a protection order prohibiting him from being within 300 feet of her. Also, while in the residence, Miller threatened Luberda with physical harm by stating that he intended to kill her. Although normally intent is demonstrated through a person's actions, Miller actually stated his intent to commit a criminal offense. Therefore, the elements of aggravated burglary were present, and Miller's conviction is not against the manifest weight of the evidence. Appellant's first assignment of error is found not well-taken.
 Appellant's Second Assignment of Error {¶ 14} In the second assignment of error, Miller simply argues that the trial court erred when it did not give a jury instruction on the lesser included offense of burglary.
 {¶ 15} Miller never objected to the court's failing to give an instruction on a lesser included offense. The record shows that the trial court, before the jury was charged, asked both the prosecution and defense for any corrections to the jury instructions. Miller's trial counsel indicated that the objections he had with the instructions were remedied by appropriate changes made by the court earlier and that the instructions were agreeable and non-objectionable. Miller cannot now argue on appeal that the jury instructions were improper. State v.Menser (1998), 1st Dist. App. Nos. C-970562, C-970578. See also, Statev. Wesley (2002), 149 Ohio App.3d 453, 2002-Ohio-5192, at ¶ 5. Crim.R. 30(A), states in pertinent part that "a party may not assign as error the giving or failure to give any jury instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds for the objection. The general rule is that an appellate court will not consider any error that counsel for the complaining party could have but did not call to the trial court's attention when the error could have been avoided or corrected by the trial court. State v. Awan (1986) 22 Ohio St.3d 120,122.
 {¶ 16} The only exception to the general rule is plain error. Statev. Fenwick (Mar. 31, 2000), 6th Dist. No. E-98-031; State v. Barker, 6th Dist. No. L-01-1290, 2002-Ohio-2801, at ¶ 24; State v. Menser
(1998), 1st Dist. Nos. C-970562, C-970578. Under Crim.R. 52(B), a plain error or defect affecting substantial rights may be corrected when there is a deviation from the legal rule or an "obvious" defect in the trial proceedings, which affected the outcome of the trial. State v. Noling,98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 62.
 {¶ 17} Reversal under the plain error doctrine will occur with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. A decision not to ask for an instruction on the lesser included offense has been determined to be a matter of trial strategy. State v. Griffie (1996), 74 Ohio St.3d 332, 333; Statev. Clayton (1980), 62 Ohio St.2d 45, 47-48; State v. Miller, 6th Dist No. L-00-1343, 2002-Ohio-5914, at ¶ 37; State v. Koonce (Mar. 7, 1997), 6th Dist. No. E-96-002. Appellant's second assignment of error is found not well-taken.
 Appellant's Third Assignment of Error {¶ 18} In the third assignment of error, Miller argues that the trial court erred when it denied his new trial motion because there was not sufficient evidence to convict him and the verdict was contrary to law.
 {¶ 19} Miller relies on Crim.R. 33(A)(4), which states that a new trial may be granted on a motion of the defendant for any of the following causes affecting materially his substantial rights if the verdict is not sustained by sufficient evidence. This standard has been explained as "whether a rational factfinder, viewing the evidence in a light most favorable to the prosecution, could have found that the essential elements of the crimes were proven beyond a reasonable doubt."State v. Thomas, 1st Dist. No. C-010724, 2002-Ohio-7333, at ¶ 16. We have noted above how the record supports Miller's conviction of aggravated burglary.
 {¶ 20} The ultimate decision of whether to grant a new trial motion lies within the sound discretion of the trial court and will not be reversed unless there has been an abuse of discretion. State v. Miller
(1995), 105 Ohio App.3d 679, 690; State v. Schiebel (1990),55 Ohio St.3d 71, 76. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Moreland (1990),50 Ohio St.3d 58, 61; State v. Adams (1980), 62 Ohio St.2d 151, 157. The trial court here appropriately exercised its discretion in denying Miller's new trial motion, for the record shows there was sufficient evidence to support the jury's verdict of guilty on the count of aggravated burglary. The trial court's decision was not contrary to law; it did not err in denying Miller's motion for a new trial. Appellant's third assignment of error is found not well-taken.
 {¶ 21} Since substantial justice was done to appellant, Asa Miller, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J. and Arlene Singer, J. JUDGES CONCUR.