OPINION
{¶ 1} Defendant-appellant, Benjamin Brown, appeals the determination of the Butler County Court of Common Pleas that he is a sexual predator as defined by R.C. 2950.09. Finding no error, we affirm appellant's classification as a sexual predator.
 {¶ 2} Appellant, who had previously been convicted of sexual battery, communicated over the internet with a person he believed to be a 13-year-old girl. He arranged to meet her at Hopewell Junior High School, to engage in sexual conduct. He appeared at the designated meeting place, at the designated time, and was met by police. Appellant was arrested and charged with attempted unlawful sexual conduct with a minor, in violation of R.C.2923.02(A) and 2907.04(A). Appellant pled guilty to the charge, and was convicted and sentenced accordingly. Following a hearing at which it reviewed a presentence investigative report and a psychological evaluation, the trial court classified appellant as a sexual predator. Appellant appeals the classification raising a single assignment of error:
 {¶ 3} "The trial court abused its discretion and erred as a matter of law when it found appellant to be a sexual predator under Ohio Revised Code § 2950.09."
 {¶ 4} The Ohio Supreme Court has held that R.C. Chapter 2950 is remedial in nature and not punitive. State v. Cook,83 Ohio St.3d 404, 413, 1998-Ohio-291. Accordingly, appellate review of a trial court's sexual predator determination is reviewed under the civil manifest weight standard, not the abuse of discretion standard argued by appellant. See State v. Bowman, Butler App. Nos. CA2001-05-117 and CA2001-06-047, 2002-Ohio-4373, ¶ 6. This standard requires that the trial court's determination that an offender is a sexual predator be upheld if the court's judgment is supported by some competent, credible evidence going to all the essential elements of the case. Id., citing C.E. Morris Co.v. Foley Constr. (1987), 54 Ohio St.2d 279, 280. An appellate court "will not disturb a trial court's determination upon a sexual predator hearing on appeal as being against the manifest weight of the evidence if reasonable minds could arrive at the conclusion reached by the trier of fact." Id. (citations omitted).
 {¶ 5} A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). When making its determination, a trial court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. R.C. 2950.09(B). R.C. 2950.09(B)(2) requires the trial court to consider "all relevant factors" in making this determination. See, also, State v. Lagow, Butler App. No. CA2001-06-144, 2002-Ohio-557. Although the standard set forth in R.C. 2950.01(E) looks toward a defendant's propensity to engage in future behavior, a trier of fact may look at past behavior as well, as past behavior is often an important indicator of future propensity. State v. Lewis (Mar. 13, 2001), Franklin App. No. 00AP-730, at 2, citing Kansas v. Hendricks (1997),521 U.S. 346, 358, 117 S.Ct. 2072.
 {¶ 6} Since appellant pled guilty to attempted unlawful sexual conduct with a minor, a sexually-oriented offense, at issue in the instant matter is whether the state presented clear and convincing evidence that appellant is likely to engage in future sexually-oriented offenses. See State v. Cook,83 Ohio St.3d at 423-424, 1998-Ohio-291. Clear and convincing evidence is "[t]hat measure or degree of proof * * * which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v.Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 7} Having reviewed the record, we conclude that the trial court's sexual predator determination is supported by the evidence. Appellant has a previous criminal record which includes committing a sexually-oriented offense involving a minor. Appellant, 58 years old, attempted to meet a 13-year-old, at a junior high school, to engage in sexual conduct. This evidence is sufficient to provide a firm belief or conviction that appellant is likely to commit one or more sexually-oriented offenses in the future. Appellant's sole assignment of error is overruled.
 {¶ 8} Judgment affirmed.
Powell, P.J., and Young, J., concur.