OPINION
{¶ 1} Defendant-appellant, Brett Michael Ruhlman, appeals from his conviction and sentence in the Butler County Court of Common Pleas for one count of attempted rape. Appellant contends his conviction is against the manifest weight of the evidence, that the trial court erred in failing to grant him a new trial, that the trial court erred in finding him to be a sexual predator, and that his sentence is contrary to law. We affirm in part, reverse in part, and remand for resentencing.
 {¶ 2} On April 28, 2004, appellant was indicted for one count of rape, a felony of the first degree in violation of R.C.2907.02(A)(1)(b), for acts committed against the 11-year-old sister of his 17-year-old girlfriend. The matter proceeded to a jury trial on March 15 and 16, 2005. At trial, the victim testified to two separate occurrences in which appellant forcibly penetrated her vagina with his fingers and attempted to engage in sexual intercourse with her. The jury found appellant not guilty of the charge of rape, but guilty of the lesser-included charge of attempted rape. Appellant moved for a new trial based on the absence of sufficient evidence to convict and upon newly discovered evidence. The trial court denied appellant's motion on May 12, 2005 and proceeded to a sexual predator hearing and sentencing. The court found appellant to have an extensive prior record and posed a high risk for re-offending, and classified him as a sexual predator. The court then sentenced him to the maximum sentence of eight years incarceration. Appellant filed this timely appeal citing six assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE JURY'S VERDICT CONVICTING [APPELLANT] OF ATTEMPTED RAPE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} Appellant contends that his conviction is against the manifest weight of the evidence and must be overturned by this court. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id. In fact, in order for an appellate court to reverse a conviction in a jury trial on the weight of the evidence, it must do so by the concurrence of all three judges hearing the case. Section 3(B)(3), Article IV, Ohio Constitution.
 {¶ 6} While a reviewing court considers the credibility of the witnesses, "that review must nevertheless be tempered by the principle that weight and credibility are primarily for the trier of fact," in this case, the jury, as they are in "the best position to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." State v.Kash, Butler App. No. CA20021-0-247, 2004-Ohio-415, ¶ 25; citingState v. DeHass (1967), 10 Ohio St.2d 230, 231. We have previously recognized that this is especially true with regard to child victims of sexual abuse. See In re D.S.,160 Ohio App.3d 552, 2005-Ohio-1803, ¶ 15.
 {¶ 7} In the case at bar, no physical evidence was presented by the state and the evidence at trial consisted exclusively of testimony by the victim and other witnesses. The child victim testified that in January 2004, she was 11 years old and living with her grandmother, her grandmother's boyfriend, her uncle, a cousin, her two sisters, including 17-year-old Vanessa, and the baby daughter of Vanessa and appellant. Appellant, then 26 years old, was Vanessa's boyfriend and often stayed in the home in Vanessa's bedroom. Vanessa was also pregnant with their second child.
 {¶ 8} The victim testified that on two separate occasions during January 2004, appellant forcibly removed her pants, digitally penetrated her vagina and attempted to engage in sexual intercourse with her. She was able to recount significant details about the times and locations of the assaults, statements appellant made to her during the assaults, and events that followed. Although the victim had been previously unable to identify a specific date for the assaults, she testified at trial that the second assault took place on the morning of her birthday, January 29, 2004, after Vanessa had left for school.
 {¶ 9} The victim also testified that on the occasion of the first assault, Vanessa had walked into the room and witnessed the victim and appellant in Vanessa and appellant's bed with the victim's pants removed. The victim testified that Vanessa argued with appellant over the incident, but that Vanessa then threatened the victim to not tell anyone or Vanessa's infant daughter and unborn baby would not have a father and it would be the victim's fault. The victim did not tell anyone about this first incident and it was not until the second incident of assault that the victim wrote a note to her grandmother to tell her what had happened.
 {¶ 10} Further testimony at trial included that from the victim's grandmother, who was able to recount receiving the note written by her granddaughter, appellant's denial of the accusations when confronted, and the fact that appellant fled the house when the police were called. Det. Mike Hayes of the City of Hamilton Police Department, the officer who was assigned to the case and had interviewed appellant regarding the victim's accusations, also testified. Det. Hayes testified that appellant repeatedly stated that he "would never do that," offering reasons such as the victim "is fat and ugly," and because he "wouldn't need to have sex with her because he has had sex with over 70 women." Det. Hayes also testified that appellant made inconsistent statements during the interview regarding the argument with Vanessa and that appellant offered that he "would admit to having done something but not what [the victim] said." Det. Hayes explained that appellant did not want to admit to rape, but that he would be willing to admit to something else in exchange for a lesser charge or a lesser sentence.
 {¶ 11} Appellant's argument on appeal rests on the fact that the victim's sister, Vanessa, testified on behalf of appellant, contradicting the victim's testimony that Vanessa observed the first incident of sexual assault. Vanessa insisted that appellant was never alone with the child victim and that Vanessa knew where appellant was at all times of the day and night and that she followed him everywhere, even to the bathroom. She denied ever telling the victim to not tell anyone about an incident between the victim and appellant. Vanessa also testified that she did not go to school during the month of January because she was ill related to her pregnancy and contradicted the victim's statement that the second assault could have taken place on the morning of January 29, 2004. Appellant argues also that the victim's own testimony was inconsistent with prior statements, vague as to details other than the assaults, and confused due to a separate victimization by a different family member.
 {¶ 12} However, appellant's contentions are insufficient to establish that the jury "clearly lost its way" in resolving the conflicts in the evidence. The testimony of the victim was clear and significantly detailed. She testified to acts committed against her despite the fact that her accusations had resulted in her removal from her home and placement in foster care, away from her siblings and baby niece. Conversely, the testimony of Vanessa revealed a strong bias. Vanessa testified that she loved appellant and had abandoned her two young children in foster care to be with him, despite the fact that he was already married and had fathered three other children. The jury judged the credibility and determined the weight to be given to the conflicting testimony presented at trial and did not lose its way and create a manifest miscarriage of justice. We therefore find that appellant's conviction was not against the manifest weight of the evidence and overrule appellant's first assignment of error.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] REQUEST FOR A NEW TRIAL."
 {¶ 15} Appellant raises two issues under this assignment of error in which he challenges the court's exercise of discretion in denying him a new trial. Appellant first contends that the trial court erred in denying his motion because evidence discovered after the close of testimony warranted a new trial.
 {¶ 16} Crim.R. 33(A)(6) provides:
 {¶ 17} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights * * * when new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."
 {¶ 18} Ohio courts recognize that this standard requires six determinations: (1) the evidence discloses a strong probability that a different result would be reached at the second trial; (2) the evidence has been discovered since the trial; (3) the evidence could not in the exercise of due diligence have been discovered before trial; (4) the evidence is material to the issues; (5) the evidence is not merely cumulative to former evidence; and (6) does not merely impeach or contradict former evidence. State v. Lindsey, Brown App. No. CA2003-07-010,2004-Ohio-4407, ¶ 11; citing State v. Petro (1947),148 Ohio St. 505, syllabus. "Where the case has been tried to a jury, the task for the trial judge is to determine whether it is likely that the jury would have reached a different verdict if it had considered the newly discovered evidence." Id. at ¶ 12.
 {¶ 19} The decision to grant or deny a motion for a new trial on the basis of newly discovered evidence is within the sound discretion of the trial court. State v. Hawkins (1993),66 Ohio St.3d 339, 350. A reviewing court then, is limited to the determination of whether the trial judge abused its discretion in making this determination. Id. Absent an abuse of discretion, that decision will not be disturbed on appeal. Id. "An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St. 2d 151,158. "When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." Id.
 {¶ 20} Appellant argues evidence was obtained after the close of testimony that could not, with due diligence, have been obtained prior to trial, and argues that the evidence is material to the credibility of his sole witness, Vanessa. At trial, the victim testified, for the first time, that the second sexual assault took place on her birthday, January 29, 2004. She testified that the assault occurred at 7:00 in the morning after Vanessa had left for school. Although the details were the same, the victim had previously been unable to assign a specific date to either attack. Later during the trial, Vanessa testified that she had not attended school in the month of January due to her pregnancy, contradicting the victim's story that she was left alone with appellant on that morning. Vanessa was appellant's sole witness, after which appellant rested his case. Vanessa later provided appellant's trial counsel with a document from the Butler County Dept. of Job and Family Services reflecting dates in January in which Vanessa was absent from school, including January 29, 2004.
 {¶ 21} In his motion to the court, appellant argued that this evidence was essential to the jury's ability to properly weigh the credibility of the witnesses, and that it contradicted the testimony of the victim and bolstered the credibility of his own witness, Vanessa. Appellant also contended that the Bill of Particulars was defective for its failure to include a specific date, and argued that the relevance of the document was unknown prior to the victim's identification of the specific January 29 date at trial. The trial court denied the motion, finding no indication that a specific date was known prior to the victim's trial testimony, and finding that the documentary evidence was collateral only and did not relate to material issues of the defendant's guilt or innocence. The court stated that the evidence did nothing more than support or contradict testimony already in evidence, and that the overwhelming evidence presented at trial precluded the possibility that the jury would have reached any other result.
 {¶ 22} On review, it is clear that the trial court did not abuse its discretion in denying appellant's motion for a new trial. The trial court properly found the documentary evidence attached to appellant's motion to be collateral and cumulative. Vanessa had already testified at trial that she did not attend school on the date identified in the victim's testimony. Vanessa testified that she was sure of that fact because she did not attend school at all the entire month of January. Moreover, despite appellant's arguments that this documentation evidence was not known to be relevant until the victim's trial testimony identified a specific date, it is clear that the Bill of Particulars identified nearly the entire month of January as a time frame for the sexual assaults. Had appellant thought to bolster his witness' credibility regarding her truancy with this documentation, that evidence was available prior to trial. Therefore, appellant has failed to establish that the trial court abused its discretion, or acted arbitrarily or unreasonably in its denial of his motion for a new trial in this regard.
 {¶ 23} Appellant's second argument under this assignment of error contends that the trial court erred in denying his motion for new trial because the evidence presented at trial was insufficient to support his conviction and his conviction is contrary to law. Essentially, appellant argues that the jury's verdict was inconsistent in finding him not guilty of the charge of rape, but guilty of the lesser-included offense of attempted rape, when the acts of digital penetration and attempted sexual penetration were alleged to have occurred during the same course of conduct. He argues that this inconsistency amounts to an insufficiency in the evidence relied upon to convict him.
 {¶ 24} Crim.R. 33(A)(4) provides:
 {¶ 25} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights * * * that the verdict is not sustained by sufficient evidence or is contrary to law."
 {¶ 26} The Sixth Appellate District has explained that this standard requires a determination of "whether a rational factfinder, viewing the evidence in a light most favorable to the prosecution, could have found that the essential elements of the [offense] were proven beyond a reasonable doubt." [sic] State v.Miller, Erie App. No. E-02-037, 2003-Ohio-6375, ¶ 20. As stated above, the decision of whether to grant a new trial lies within the discretion of a trial court and will not be reversed absent an abuse of discretion. Id. Additionally, it is well-established that attempted rape is a lesser-included offense of rape. Statev. Leonard, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 116. The testimony of the victim as to the elements of a sexual assault, if believed, is recognized as sufficient to establish the essential elements of the offense. State v. Laseur, Warren App. Nos. CA2002-10-117, CA2002-11-121, 2003-Ohio-3874, ¶ 14.
 {¶ 27} The trial court, in denying appellant's motion, found that the verdict of the jury was sustained by sufficient evidence. We agree. The child victim in this case clearly testified to two separate occurrences in which appellant forcibly removed her pants, digitally penetrated her vagina, and attempted to engage in sexual intercourse with her. We are not permitted, in a review of evidentiary sufficiency, to evaluate her credibility or weigh her testimony. State v. Yarbrough,95 Ohio St.3d 227, 2002-Ohio-2126. Moreover, the jury was free to accept or reject any part of her testimony in their determination.State v. Thomas, Hamilton App. No. C-010724, 2002-Ohio-7333, ¶ 16; see, also, State v. Williams, 74 Ohio St.3d 569,1996-Ohio-91 (finding sufficient evidence to support rape defendant's conviction for lesser-included offense of attempted rape).
 {¶ 28} We find no error in the court's denial of appellant's motion for a new trial as the verdict was supported by sufficient evidence. Appellant's second assignment of error is without merit.
 {¶ 29} Assignment of Error No. 3:
 {¶ 30} "THE EVIDENCE WAS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE `BY CLEAR AND CONVINCING EVIDENCE' THAT [APPELLANT] IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 {¶ 31} Appellant next contends that the court's determination that he is a sexual predator is not supported by sufficient evidence. Appellant argues that the court failed to adequately consider the relevant factors for making the determination and that the ruling was not supported by clear and convincing evidence that he would re-offend.
 {¶ 32} R.C. 2950.01(E) defines a sexual predator as, "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In a sexual predator determination, the state bears the burden to prove, by clear and convincing evidence, both that a defendant has been convicted of a sexually-oriented offense and also that the offender is likely to engage in sexually-oriented offenses in the future. See,State v. Boshko (2000), 139 Ohio App.3d 827. R.C. 2950.09(B)(3) provides that "[i]n making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors" under the statute.
 {¶ 33} The Ohio Supreme Court has stated, "clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247.
 {¶ 34} The Court continued by establishing three objectives of a sexual predator hearing. The first objective is to create a clear and accurate record of the evidence and testimony that was considered, including any exhibits, for purposes of any potential appeal. Id. at 166. The second objective is to consider the question of the necessity of an expert opinion in the matter. Id. Finally, the third objective requires that a trial court consider the factors listed in R.C. 2950.09(B)(2) and discuss on the record the particular evidence and factors on which it relies in making its determination. Id.
 {¶ 35} This third objective however, does not require that a trial court address each factor on the record, making independent findings with regard to each factor. See State v. Jackson (June 25, 2001), Butler App. No. CA2000-03-045 (finding expert testimony and state's submission of forensic report sufficient to support sexual predator determination). The weight given to each factor is within the discretion of the trial judge and a trial court is free to rely upon one factor more than another in making its determination. Boshko at 840; see State v. Thompson,92 Ohio St.3d 584, 2001-Ohio-1288. Additionally, it is well-recognized that a single conviction may support a finding that a defendant is a sexual predator in certain cases. Id.
 {¶ 36} In this case, the trial judge had available to him the evidence adduced at appellant's jury trial. As evidence of appellant's high risk for recidivism, the state submitted the forensic report of Dr. Bobbie Hopes, a clinical forensic psychologist. The report was prepared following Dr. Hopes' evaluation of appellant. Dr. Hopes' report identified appellant to be a high risk for re-offending, due to factors such as multiple prior convictions for sexually-oriented offenses with a minor, multiple prior convictions for nonsexual offenses, a violent offense charge, and a public indecency charge. Dr. Hopes' report also stated that appellant met the criteria for being diagnosed with Antisocial Personality Disorder. After a discussion of the evidence supporting the statutory factors for a sexual predator determination, appellant's failure to accept responsibility, and his actions to demean his victim, Dr. Hopes concluded that appellant presented a high risk of committing one or more sexually-oriented offenses in the future.
 {¶ 37} The state also submitted the presentence investigation report, which included appellant's prior criminal record. Appellant's record includes multiple offenses for contributing to the unruliness of a child, contributing to the delinquency of a minor, criminal trespass, corruption of a minor, and attempted corruption of a minor. The charges relate to a relationship appellant had with a 14-year-old girl when he was age 18. Appellant repeatedly entered the girl's bedroom through her window and continued to carry on a sexual relationship with her despite criminal charges and court orders to stay away from her. Appellant married the subject of the offenses when she was 15 years old and they had one child together, divorcing when she was age 18. Appellant was also convicted of sexual imposition and public indecency for an occurrence in which he exposed himself to a co-worker, forcibly touched her legs, breasts, and buttocks, and tried to remove her pants.
 {¶ 38} The state also requested that the court consider the testimony submitted at trial. Appellant's trial counsel presented no evidence at the hearing, but stated that appellant maintained his innocence and requested that the court not hold appellant's professed innocence against him in determining whether appellant lacked remorse.
 {¶ 39} In making its classification determination, the court noted that it had reviewed Dr. Hopes report, listened carefully to the evidence presented at trial, and reviewed the presentence investigation report. The court noted the state's burden of clear and convincing evidence and stated it had considered the factors under R.C. 2950.09. The court referenced the nature of the offense for which appellant was convicted as well as appellant's extensive record for engaging in sexual relationships with minors, and found by clear and convincing evidence that appellant was a sexual predator.
 {¶ 40} On review, we find that there was sufficient, clear and convincing evidence by which the court could determine appellant to be a sexual predator. We find no error in the court's determination and overrule appellant's third assignment of error.
 {¶ 41} Assignment of Error No. 4:
 {¶ 42} "THE TRIAL COURT'S FINDING THAT [APPELLANT] IS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 43} Appellant's fourth assignment of error challenges the weight of the evidence presented to the court in its determination that he is a sexual predator.
 {¶ 44} The Ohio Supreme Court has held that the provisions of R.C. Chapter 2950 are remedial in nature and not punitive. Statev. Cook, 83 Ohio St.3d 404, 413, 1998-Ohio-291. Accordingly, a reviewing court applies the civil manifest weight standard to sexual predator determinations. State v. Winkle, Butler App. No. CA2001-12-296, 2003-Ohio-2005. "We will not disturb a trial court's determination of a sexual predator as being against the manifest weight of the evidence if reasonable minds could arrive at the conclusion reached by the trier of fact." Id. at ¶ 8. Therefore, "if there is competent, credible evidence to support the factual findings of the trial court, we review only whether, after weighing the evidence and resolving the evidentiary conflicts and issues of credibility, the trial court properly applied the governing law to those factual findings." State v.Griggs, Butler App. No. CA2001-08-194, 2002-Ohio-4375, ¶ 5.
 {¶ 45} When determining whether an offender is a sexual predator, a trial court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. Statev. Brown, Butler App. No. CA2005-04-085, 2006-Ohio-338. In weighing the statutory factors, a trial court has the discretion to determine what weight, if any, to assign each factor in making its determination. Winkle at ¶ 8, citing Thompson at 589.
 {¶ 46} We have already determined above that there was sufficient, clear and convincing evidence to support the trial court's finding that appellant is a sexual predator. Further, it is clear from the record that the court found the nature of the offense and appellant's extensive prior history with regard to sexually-oriented offenses to be relevant in making its determination. We find no error in the court's conclusion based on that evidence. The court's determination that appellant is a sexual predator is not against the manifest weight of the evidence. Appellant's fourth assignment of error is without merit.
 {¶ 47} As appellant's final two assignments of error are related, and we will address them together.
 {¶ 48} Assignment of Error No. 5:
 {¶ 49} "THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING THE MAXIMUM PRISON SENTENCE ALLOWED."
 {¶ 50} Assignment of Error No. 6:
 {¶ 51} "EVEN ASSUMING THE TRIAL COURT COMPLIED WITH OHIO'S FELONY SENTENCING STATUTES, THE SENTENCE IS UNLAWFUL UNDERAPPRENDI V. NEW JERSEY (2000), 530 U.S. 455 [sic] AND ITS PROGENY."
 {¶ 52} Following the court's determination that appellant was a sexual predator, the trial court proceeded to sentencing. The court found that appellant posed a high risk of recidivism based on his extensive prior record, the fact that he had served a prior prison term, and his history of sexual relationships with minors. Finding that appellant posed the greatest likelihood for re-offending,[1] the court sentenced him to the maximum term of eight years incarceration. In his sixth assignment of error, appellant argues that the trial court's reliance upon statutory findings in determining his sentence violated his Sixth Amendment rights and the rule set forth by the United States Supreme Court in Apprendi v. New Jersey (2000) 530 U.S. 466,120 S.Ct. 2348; and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531.
 {¶ 53} The Ohio Supreme Court recently found portions of Ohio's statutory sentencing scheme unconstitutional in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. Among these sections was R.C. 2929.14(C) which required judicial findings before the imposition of a maximum sentence. Foster at paragraph one of the syllabus. As a result of the Court's severance of this provision from Ohio's sentencing code, judicial fact-finding prior to the imposition of a sentence within the basic ranges of R.C. 2929.14(A) is no longer required. Foster at paragraph two of the syllabus.
 {¶ 54} The Foster court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing.Foster at ¶ 104. Consequently, we remand this case for resentencing consistent with Foster. Appellant's sixth assignment of error is sustained. Based on our resolution of appellant's sixth assignment of error, appellant's fifth assignment of error is moot and we need not address it.
 {¶ 55} Having reviewed the assignments of error, we affirm appellant's conviction for attempted rape, affirm the trial court's denial of appellant's motion for a new trial, and affirm the trial court's determination that appellant was a sexual predator. However, we reverse the court's sentencing decision and remand this matter for resentencing in accordance with this opinion.
 {¶ 56} Judgment affirmed in part, reversed in part, and remanded for resentencing.
Powell, P.J., and Bressler, J., concur.
[1] R.C. 2929.14(C).