OPINION
{¶ 1} Defendant-appellant, Joseph Warner Sorah, appeals the sexual predator determination and prison sentence imposed by the Clermont County Court of Common Pleas.
 {¶ 2} Appellant pled guilty to two counts of rape and one count of felony child endangering after he was accused of digitally penetrating the vagina of his two-month-old child on two occasions and of abusing the same child, causing serious physical injuries. After a hearing, appellant was found to be a sexual predator. The trial court sentenced appellant to two mandatory life terms for the rape offenses and the maximum allowable term of eight years for the child endangering charge. The trial court ordered the sentences for all three offenses to be run consecutively. Appellant asserts three assignments of error in his appeal.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR[.]"
 {¶ 5} A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
 {¶ 6} Appellant does not dispute that he was convicted of a sexually-oriented offense, but specifically argues that the trial court's determination that appellant is a sexual predator was not supported by the record in reference to the finding that appellant was likely to engage in the future in one of more sexually-oriented offenses.
 {¶ 7} A trial court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence, after considering "all relevant factors" in making this determination. R.C. 2950.09(B)(3) and (B)(4); State v. Carnes, Brown App. No. CA2005-01-001, 2006-Ohio-2134, ¶ 91.
 {¶ 8} A trial court shall consider all relevant factors, including, but not limited to: the offender's age; the offender's past criminal conduct; the age of the victim; whether multiple victims were involved; whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; whether the offender was previously convicted of an offense, and if a sexual offense, whether offender participated in sexual offender treatment; the mental illness or mental disability of offender; the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually-oriented offense and whether the sexual conduct, sexual contact, or interaction was part of a demonstrated pattern of abuse; whether the offender displayed cruelty or made one or more threats of cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. R.C.2950.09(B)(3)(a)-(j).
 {¶ 9} Although the standard set forth in R.C. 2950.01(E) looks toward a defendant's propensity to engage in future behavior, a trier of fact may look at past behavior as well, as past behavior is often an important indicator of future propensity. State v. Brown, Butler App. No. CA2005-04-085,2006-Ohio-338, ¶ 5; Carnes, at ¶ 94; see State v. McComas,
Franklin App. No. 05AP-134, 2006-Ohio-380, ¶ 13 (young age of six-year-old child victim and defendant's willingness to victimize family member were telltale signs of likelihood to reoffend).
 {¶ 10} The trial court may rely upon one factor more than another, depending upon the circumstances of the case, and a single conviction may support a finding that a defendant is a sexual predator. State v. Griggs, Butler App. No. CA2001-08-194, 2002-Ohio-4375, ¶ 18; State v. Boshko (2000),139 Ohio App.3d 827, 840; see, generally, State v. Eppinger,91 Ohio St.3d 158, 167, 2001-Ohio-380 (under certain circumstances, it is possible that one sexually-oriented conviction alone can support a sexual predator adjudication).
 {¶ 11} A trial court's determination that an offender is a sexual predator will be upheld if the court's judgment is supported by some competent, credible evidence going to all the essential elements of the case. Brown at ¶ 4; State v.Brooks, Franklin App. No. 02AP-925, 2003-Ohio-2192, ¶ 6.
 {¶ 12} The trial court was presented with appellant's presentence investigation report ("PSI"), a psychological evaluation to determine appellant's mental status during the commission of the alleged offenses, and photographs of the child's injuries.
 {¶ 13} The trial court indicated on the record that it was considering the pertinent statutory criteria in finding appellant a sexual predator. After reviewing the record under the applicable standard for sexual predator determinations, there was clear and convincing evidence before the trial court that appellant is likely to reoffend and the court's determination is supported by competent, credible evidence.
 {¶ 14} Appellant is a 35-year-old man who twice sexually abused his infant, who was from one to two months old at the time of the offenses. The trial court specifically found that appellant displayed cruelty toward the victim in that the child suffered serious physical injuries. Appellant had a limited criminal history, but repeatedly disregarded the law by driving under license suspension, for which he received three convictions over several years.
 {¶ 15} Appellant has significant anger control issues. Appellant reportedly expressed no remorse for the crimes, shifted the responsibility elsewhere, and focused instead, on his desire to retaliate against an individual or individuals he blamed for exacerbating his current legal problems.
 {¶ 16} The purpose of the sexual predator registration process of R.C. 2950 et. seq., is to protect the safety and general welfare of the public by requiring the registration of, and thereby providing information about, sex offenders who will live in or near a particular neighborhood upon their release from prison. See R.C. 2950.02(A). The trial court did not err in making its determination that appellant is a sexual predator and should fulfill certain registration requirements upon a release from prison. Appellant's first assignment of error is overruled.
 {¶ 17} We will address appellant's second and third assignments of error together.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE LONGEST PRISON TERM ON COUNT V[.]"
 {¶ 20} Assignment of Error No. 3:
 {¶ 21} "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO SERVE CONSECUTIVE SENTENCES[.]"
 {¶ 22} Appellant argues that the trial court's reliance upon statutory findings to impose a maximum prison term for count V, the child endangering offense,[1] and consecutive prison terms for all three offenses violated his Sixth Amendment rights and the rule set forth by the United States Supreme Court inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 23} The Ohio Supreme Court recently found portions of Ohio's statutory sentencing scheme unconstitutional in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Included in those portions of the statute found unconstitutional was R.C.2929.14(C), which required judicial findings before the imposition of the maximum or longest prison term. Foster at paragraph one of the syllabus. In addition, R.C. 2929.14(E)(4), which required judicial findings before imposing consecutive sentences, was found unconstitutional. Foster, paragraph three of the syllabus.
 {¶ 24} As a result of the Ohio Supreme Court's severance of the pertinent provisions from Ohio's sentencing code, judicial fact-finding prior to the imposition of a sentence within the basic ranges of R.C. 2929.14(A) is no longer required under the circumstances herein. Foster at paragraph two and four of the syllabus. See State v. Ruhlman, Butler App. No.CA2005-05-125,2006-Ohio-2137, ¶ 53.
 {¶ 25} Given the fact that unconstitutional sentencing provisions were utilized by the trial court, we must remand this case for resentencing, consistent with Foster. Foster at ¶ 104; Ruhlman at ¶ 54.[2]
 {¶ 26} Appellant's second and third assignments of error are sustained. Appellant's maximum and consecutive sentences are reversed and this matter is remanded to the trial court for resentencing.
 {¶ 27} Judgment affirmed as to the sexual predator finding and reversed and remanded as to sentencing only.
Young and Bressler, JJ., concur.
[1] The child endangering charge for which appellant pled guilty was a felony of the second degree. The definite prison term for a felony of the second degree is two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2).
[2] Appellant also argues that the trial court failed to make all of the necessary findings to impose consecutive sentences. Based upon our reversal of appellant's consecutive sentences, we need not address that argument.