OPINION
{¶ 1} Appellant, Donald W. Robinson, appeals from a judgment entry of the Lake County Court of Common Pleas, convicting him of one count of perjury. For the reasons that follow, we affirm.
 {¶ 2} On March 8, 2002, Stephen Polk ("Stephen") filed a criminal complaint in the Painesville Municipal Court, alleging appellant had committed perjury, a third degree felony in violation of R.C. 2921.11(A), on April 11, 2001. This matter was then bound over to the Lake County Court of Common Pleas.
 {¶ 3} Shortly thereafter, the Lake County Grand Jury indicted appellant on the single count of perjury. The indictment stated that appellant had committed perjury while under oath on April 11, 2001. It further noted that appellant's perjury was in violation of R.C. 2921.11
and was a third degree felony. Appellant pleaded not guilty to the count of perjury.
 {¶ 4} On August 13, 2001, appellant contemporaneously filed a motion for bill of particulars and a request for discovery. The motion for bill of particulars requested that the court order the prosecutor to provide the following information: (1) the specific statutory provision which had been violated; (2) the date, time, and place the violation occurred; (3) the specific acts or conduct which constituted the alleged violation; and (4) the name of any relevant individuals involved in the alleged violation.
 {¶ 5} The state responded on August 23, 2002, by contemporaneously filing its bill of particulars and the discovery materials requested by appellant. The bill of particulars expressly stated that appellant violated R.C. 2921.11(A), in its entirety, and that this violation occurred on April 11, 2001, during a civil proceeding captioned Stephen W. Polk v. Donald Robinson. The bill of particulars maintained that appellant had knowingly made a false statement, while under oath, which was material to the foregoing civil proceeding.
 {¶ 6} The discovery material submitted by the state included a statement made by Stephen to the police. This statement clearly set forth the basis of the perjury count. Specifically, the statement alleged that appellant committed perjury during the April 11, 2001 civil proceeding, when he testified that he neither endorsed nor saw two separate checks in the amount of $9,000 and $500 respectively.
 {¶ 7} As this matter proceeded, appellant obtained new counsel. Appellant's new counsel filed another motion for bill of particulars on September 18, 2002. However, the state did not respond to appellant's second motion for bill of particulars.
 {¶ 8} A jury trial commenced on June 15, 2004. Testimony and evidence at the jury trial revealed that the instant criminal matter for perjury originated from the April 11, 2001 civil proceeding. The civil proceeding pertained to a complaint filed by Stephen against appellant, which claimed appellant was unjustly enriched in the amount of $9,500. Stephen's claim for unjust enrichment was premised upon the two separate checks, one in the amount of $9,000 and the other in the amount of $500. These checks were drawn on Stephen's account and made payable to appellant.
 {¶ 9} During the civil proceeding, it was Stephen's contention that each check represented a loan to appellant and that appellant had failed to repay the loans. In support of this contention, Stephen cited to the memo sections of the checks which expressly stated that each payment was a "loan" to appellant and the date on which repayment was due.
 {¶ 10} Appellant's testimony during the civil proceeding attempted to counter the loan allegations by arguing that the $9,500 represented Stephen's payment for quasi-legal services provided by appellant. In doing so, appellant challenged the significance of the checks' memo sections which expressly stated the payments were loans. Appellant testified that he had never seen or signed the checks, as Stephen had cashed the checks by forging appellant's endorsement. Thus, appellant concluded that he had no knowledge of the memo sections' reference to a loan.
 {¶ 11} Ultimately, as part of the civil proceedings, the court determined that appellant had been unjustly enriched in the amount of $9,500 and ordered appellant to compensate Stephen in this amount.
 {¶ 12} During the jury trial for perjury, the state presented the expert witness testimony of Dr. Phillip D. Bouffard ("Dr. Bouffard"), an expert in hand writing analysis. Dr. Bouffard testified that he had compared the signature endorsements on the back of each check to appellant's signature. After comparing the signatures, Dr. Bouffard found that the endorsements matched appellant's signature.
 {¶ 13} Appellant's testimony during the jury trial maintained that his testimony at the civil proceeding with respect to the $500 check was not perjury, as such testimony did not affirmatively state that he did not endorse this check. He further testified that he had never seen either of the checks prior to the civil proceeding and, therefore, he was unaware the payments were considered loans.
 {¶ 14} Following the close of trial, the jury returned a unanimous verdict of guilty on the single count of perjury. Accordingly, the court entered judgment convicting appellant of perjury, and sentenced appellant to two years of community control and one hundred and twenty days in jail, with ninety of those days suspended if appellant paid restitution in the amount of $9,500.
 {¶ 15} From this judgment, appellant filed a timely notice of appeal and now sets forth the following four assignments of error for our consideration:
 {¶ 16} "[1] The Defendant-Appellant's due process rights and rights to fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I Section 10 of the Ohio Constitution were violated by the prosecution's failure to adequately inform him of the nature and cause of the accusation.
 {¶ 17} "[2] The Defendant-Appellant's due process rights and rights to fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution were violated by ineffective assistance of counsel.
 {¶ 18} "[3] The trial court erred to the prejudice of the Defendant-Appellant when it denied his motion for acquittal made pursuant to Crim.R. 29(A).
 {¶ 19} "[4] The trial court erred to the prejudice of the Defendant-Appellant when it returned a verdict of guilty against the manifest weight of the evidence."
 {¶ 20} Under his first assignment of error, appellant contends that his rights to due process and a fair trial were violated, based upon the state's failure to provide a bill of particulars with sufficient information regarding the count of perjury. Appellant argues that the state's bill of particulars did not adequately inform him of the specific acts from which the perjury count originated.
 {¶ 21} At the outset, we note that appellant failed to object to the form of the indictment or the state's bill of particulars as required by Crim.R. 12(C)(2). Accordingly, appellant has waived all but plain error on appeal with respect to the adequacy of the bill of particulars. See, e.g., State v. Skatzes, 104 Ohio St.3d 195, 2004-Ohio-6391, at ¶ 26. Plain error is present only if the error is obvious and, but for the error, the outcome of the trial clearly would have been otherwise. Statev. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 108.
 {¶ 22} A defendant charged with a felony is entitled to an indictment that sets forth the nature and cause of the charges filed against him or her. Section 10, Article I, Ohio Constitution. Under Crim.R. 7(E), if a defendant properly requests more specificity as to the indicted charge, the state must provide a bill of particulars describing the specific nature of the offense and the alleged conduct of the defendant. Crim.R. 7(E) states as follows:
 {¶ 23} "When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charged and of the conduct of the defendant alleged to constitute the offense."
 {¶ 24} In State v. Brown (1993), 90 Ohio App.3d 674, 681, this court determined that a criminal defendant is entitled to a bill of particulars when the charge contained in the complaint, indictment, or information is indefinite or vague and does not fully inform him of the offense with which he is charged. However, "the purpose of a bill of particulars is not to provide the defendant with specifications of the evidence or to serve as a substitute for discovery; rather, the purpose of a bill of particulars is to `elucidate or particularize the conduct of the accused.'" (Emphasis sic.) State v. Latorres (Aug. 10, 2001), 11th Dist. Nos. 2000-A-0060 and 2000-A-0062, 2001 Ohio App. LEXIS 3533, quoting State v. Lawrinson (1990), 49 Ohio St.3d 238, 239.
 {¶ 25} Here, the state's bill of particulars went beyond the information provided in the indictment by clarifying that appellant's perjury occurred during a civil proceeding captioned Stephen W. Polk v. Donald W. Robinson. The bill of particulars also specified that appellant's conduct had violated R.C. 2921.11(A). Therefore, the bill of particulars adequately particularized the conduct of appellant which resulted in the indictment. Appellant's first assignment of error is without merit.
 {¶ 26} In addition, even assuming the bill of particulars was inadequate, the state's contemporaneous discovery response properly notified appellant of the specific statements which resulted in the perjury indictment. The state's response to appellant's discovery requests clearly informed appellant that the perjury occurred when he testified that he did not sign or see either the $9,000 check or $500 check. Also, appellant specifically referenced the alleged perjured statements during his opening statement. This further demonstrates that appellant was adequately notified of the specific conduct which resulted in the perjury charge.
 {¶ 27} In short, appellant could not establish that the state failed to inform him of the specific perjured statements, thereby hindering his ability to prepare a defense. Thus, under a plain error analysis, appellant would be unable to establish an obvious error that clearly would have altered the outcome of the case. For this additional reason, appellant's first assignment of error is without merit.
 {¶ 28} Under his second assignment of error, appellant argues that he received ineffective assistance of counsel. Appellant's claim of ineffective assistance of counsel is premised upon his trial counsel's failure to object to the state's allegedly inadequate bill of particulars.
 {¶ 29} Both the Ohio Supreme Court and this court have adopted the following two-pronged test articulated in Strickland v. Washington
(1984), 466 U.S. 668, to determine whether an accused has received ineffective assistance of counsel:
 {¶ 30} "First, a defendant must be able to show that his trial counsel was deficient in some aspect of his representation. * * * This requires a showing that trial counsel made errors so serious that, in effect, the attorney was not functioning as the `counsel' guaranteed by both the United States and Ohio Constitutions. * * *
 {¶ 31} "Second, a defendant must show that the deficient performance prejudiced his defense. * * * This requires a showing that there is `a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.' * * * `A reasonable probability is a probability sufficient to undermine confidence in the outcome.' * * *" (Citations omitted.) State v. Swick, 11th Dist. No. 97-L-254, 2001-Ohio-8831, 2001 Ohio App. LEXIS 5857, at 4-5.
 {¶ 32} A threshold issue is whether there was actual error on the part of appellant's trial counsel. State v. McCaleb, 11th Dist. No. 2002-L-157, 2004-Ohio-5940, at ¶ 92. If no error is present, defense counsel's actions cannot be said to be deficient. Id. Our previous determination in appellant's first assignment of error has ascertained that there was no error regarding the state's bill of particulars. As a result, trial counsel was not deficient by failing to object to the state's bill of particulars. Appellant's second assignment of error is without merit.
 {¶ 33} Under his third assignment of error, appellant argues that the court erred in denying his Crim.R. 29 motion for acquittal. Appellant contends that the state failed to provide sufficient evidence of the following: (1) appellant made false statements under oath; (2) appellant knowingly made the allegedly false statements; and (3) appellant's allegedly false statements were material to the civil proceedings.
 {¶ 34} Pursuant to Crim.R. 29, a motion for judgment of acquittal should be granted "if the evidence is insufficient to sustain a conviction." Thus, a trial court's denial of a motion for acquittal must be sustained if, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 35} The state was required to provide evidence as to each element of perjury under R.C. 2921.11(A), to wit:
 {¶ 36} "No person, in any official proceeding, shall knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made, when either statement is material."
 {¶ 37} The state provided evidence of appellant's sworn testimony at the civil proceeding in which he denied endorsing or seeing either the $9,000 check or $500 check. Appellant also testified that Stephen forged his signature endorsement on each check. With respect to the $9,000 check, appellant testified as follows at the civil proceeding:
 {¶ 38} "Q: Let's talk about this $9,000, the first check that was given to you, Plaintiff's Exhibit 1. I want you to take a look at that check. Is that your signature on the back side of the check?
 {¶ 39} "A: Not this one."
 {¶ 40} Likewise, appellant testified he had never seen the $500 check and, therefore could not endorse the check:
 {¶ 41} "Q: Plaintiff's Exhibit 2 [$500 check], how did it come about that you received the monies from that check?"
 {¶ 42} "A: Now this is the same way. I never saw `loan' on the check. As a matter of fact, I never saw the check."
 {¶ 43} In conjunction with appellant's testimony, the state presented the expert witness testimony of Dr. Bouffard. Dr. Bouffard testified that appellant's signature matched the endorsement signature on both checks. Thus, it was Dr. Bouffard's opinion that appellant did indeed sign and endorse each check.
 {¶ 44} The foregoing evidence was sufficient to demonstrate that appellant committed perjury during the civil proceeding regarding his denial of endorsing or seeing either check. This portion of appellant's third assignment of error is not well taken.
 {¶ 45} Under R.C. 2901.22(B), a person acts knowingly "regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 46} Here, the state presented evidence which sufficiently established that appellant knowingly committed perjury at the civil proceeding. To recapitulate, appellant expressly stated that he had neither endorsed nor saw the checks. Contrary to appellant's testimony, Dr. Bouffard's testimony demonstrated that appellant's signature was the endorsement on the back of each check. Although appellant attempts to argue that he was confused or mistaken during the civil proceeding, he again testified at the criminal perjury proceeding that he never saw the checks. Also, appellant's additional testimony at the civil proceeding clarified his denials, as he testified that Stephen allegedly forged the endorsements on each check. The evidence presented by the state adequately showed that appellant knowingly committed perjury during the civil proceeding. This portion of appellant's third assignment of error is not well taken.
 {¶ 47} Finally, appellant's perjured testimony was material to the civil proceeding. Appellant and Stephen disputed whether the sum of the $9,500 paid to appellant was intended to be a loan or payment for appellant's quasi-legal services. Stephen pointed to the memo section of each check as evidence that the payments were loans. The memo sections stated that each payment was a "loan" and stated the due date the loans were to be repaid.
 {¶ 48} Appellant's testimony attempted to counter this evidence by alleging that he had never endorsed or seen either check. The purpose of this testimony was to rebut the inference that appellant was aware the payments were intended to be loans. Thus, appellant's perjured statements were material to the civil proceedings. This portion of appellant's third assignment of error is also not well taken.
 {¶ 49} Appellant's third assignment of error is without merit.
 {¶ 50} Under his fourth assignment of error, appellant maintains that his conviction for perjury was against the manifest weight of the evidence. In support of this conclusion, appellant simply reiterates his sufficiency arguments as presented under his third assignment of error.
 {¶ 51} At the outset, we note that the concepts of sufficiency and weight are quantitatively and qualitatively distinct in a criminal proceeding. See, e.g., State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented." State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13. Accordingly, appellant's arguments with respect to sufficiency do not encompass arguments as to manifest weight.
 {¶ 52} Nevertheless, we will provide a general review of the appellant's conviction to determine whether it was against the manifest weight of the evidence. When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 53} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph two of the syllabus.
 {¶ 54} Here, the state presented competent, credible evidence as to appellant's testimony at the civil proceeding. This evidence clearly established that appellant denied signing or seeing the checks and appellant testified that Stephen had forged the endorsements.
 {¶ 55} Accordingly, the instant case turned upon whether the jury believed Dr. Bouffard's expert witness testimony regarding whether appellant actually endorsed the back of each check. Dr. Bouffard provided his extensive professional background regarding handwriting comparisons. He then provided a step-by-step analysis of his comparison of appellant's signature and the signature on the back of each check. Ultimately, Dr. Bouffard determined that appellant had signed the back of each check.
 {¶ 56} If believed by the jury, Dr. Bouffard's testimony would establish that, during the civil proceeding, appellant made knowingly false statements denying he had seen or endorsed either check. The jury was in the best position to view Dr. Bouffard's testimony and assign credibility to his expert witness determinations. Thus, we will not substitute our judgment for that of the trier of fact, as the evidence presented by the state was competent and credible. Appellant's fourth assignment of error is without merit.
 {¶ 57} Based upon the foregoing analysis, appellant's four assignments of error are without merit. We hereby affirm appellant's conviction for perjury.
Ford, P.J. and Rice, J., concur.