OPINION
{¶ 1} Defendant-appellant, Ryan Hooks, appeals multiple decisions of the Butler County Court of Common Pleas sentencing him for four counts of cocaine possession.[1] For the reasons that follow, we reverse the common pleas court's decisions, and remand this case for further proceedings consistent with this opinion.
 {¶ 2} In September 2003, appellant pled guilty to one count of cocaine trafficking in violation of R.C. 2925.03(A)(1) and five counts of cocaine possession in violation of R.C.2925.11(A). The cocaine trafficking count was a fourth-degree felony. One of the cocaine possession counts was a second-degree felony, two of the counts were third-degree felonies, one of the counts was a fourth-degree felony, and one of the counts was a fifth-degree felony.
 {¶ 3} In January 2004, the common pleas court sentenced appellant to concurrent 17-month prison terms for the trafficking count and the fourth-degree possession count. The court sentenced appellant to concurrent six-year and four-year prison terms for the second-degree possession count and one of the third-degree possession counts, to be served consecutively to the previously mentioned terms for trafficking and fourth-degree possession. Further, the court sentenced appellant to concurrent prison terms of three years for the other third-degree possession count, and 11 months for the fifth-degree possession count, to be served consecutively to the previously mentioned terms. The court also assessed multiple fines, and ordered appellant to pay restitution.
 {¶ 4} Appellant now appeals his sentences for the second-degree possession count, the two third-degree possession counts, and the fifth-degree possession count. Appellant does not appeal his sentences for the trafficking count and the fourth-degree possession count.
 {¶ 5} Appellant assigns five errors on appeal. In his third assignment of error, appellant argues that the common pleas court erred in imposing nonminimum prison terms based on facts neither found by a jury nor admitted by appellant. In his fourth assignment of error, appellant argues that the common pleas court erred in imposing consecutive prison terms based on facts neither found by a jury nor admitted by appellant. In support of those assignments of error, appellant cites his Sixth Amendment right to a trial by jury, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531.
 {¶ 6} In the recently decided case of State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, the Ohio Supreme Court held that certain sections of Ohio's sentencing code violated the Sixth Amendment and the U.S. Supreme Court's holding in Blakely.
Among the sections the court found unconstitutional was R.C.2929.14(B), which requires judicial findings before the imposition of a sentence greater than the minimum. Foster at paragraph one of the syllabus. The court also found that R.C.2929.14(E)(4), which requires judicial findings before the imposition of consecutive sentences, was unconstitutional.Foster at paragraph three of the syllabus. Further, the court determined that provisions requiring judicial findings before the imposition of a maximum sentence, a "repeat violent offender" penalty enhancement, and a "major drug offender" penalty enhancement, were unconstitutional. Id. at paragraphs one and five of the syllabus.
 {¶ 7} The Foster court found that all of the previously mentioned sentencing provisions violated the Sixth Amendment because they required a judge to engage in fact finding before imposing a sentence greater than the maximum term authorized by a jury verdict or a defendant's admissions. Id. at ¶ 83. As the court stated, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at ¶ 82, citing United States v.Booker (2005), 543 U.S. 220, 244, 125 S.Ct. 738.
 {¶ 8} The Foster court determined that the above mentioned provisions were severable from the sentencing code. Foster at paragraphs two, four, and six of the syllabus. Having severed the provisions, the court determined that judicial fact finding was no longer required prior to the imposition of a sentence within the basic prison ranges of R.C. 2929.14(A), the imposition of consecutive sentences, or the imposition of additional penalties for repeat violent offender and major drug offender specifications. Foster at paragraphs two, four, and six of the syllabus.
 {¶ 9} Due to the unconstitutional sentencing provisions that were applied, the Foster court determined that the four cases it was reviewing in its opinion, in addition to "those pending on direct review," must be remanded for resentencing. Id. at ¶ 104. The court stated that the sentencing courts "shall consider" on resentencing those portions of the sentencing code unaffected byFoster, and impose any sentence within the appropriate felony range. Id. at ¶ 105.
 {¶ 10} Based on Foster, we sustain appellant's third and fourth assignments of error. The common pleas court's imposition of more than the minimum and consecutive sentences was based on R.C. 2929.14(B) and R.C. 2929.14(E)(4), which unconstitutionally require judicial fact finding before the imposition of those sentences. Accordingly, we remand this case for resentencing consistent with Foster. See Foster at ¶ 104.
 {¶ 11} As stated in Foster, appellant is entitled to a new sentencing hearing, although he may stipulate to the existing record and waive the taking of additional evidence. Foster at ¶ 105; State v. Mathis, ___ Ohio St.3d ___, 2006-Ohio-855, ¶ 37.[2] In resentencing appellant on remand, the common pleas court shall consider those portions of the sentencing code unaffected by Foster, and impose any sentence within the appropriate felony range. Foster at ¶ 105.[3]
 {¶ 12} As stated in Mathis, decided the same day asFoster, the portions of the sentencing code to be considered include the purposes of felony sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. Mathis
at ¶ 38. The court must also consider the record, any information presented at the sentencing hearing, any presentence investigation report, and any victim impact statement. R.C.2929.19(B)(1); Mathis at ¶ 37. Further, the court "must be guided by statutes that are specific to the case itself." Id. at ¶ 38. In accordance with Foster, the common pleas court has full discretion to impose a prison sentence within the statutory range, and is no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences. Foster at paragraph seven of the syllabus.[4]
 {¶ 13} We now address appellant's first and second assignments of error, which relate to the common pleas court's orders of restitution and fines as part of appellant's sentence. Based on our resolution of appellant's third and fourth assignments of error and our resentencing order, appellant's first and second assignments of error are moot. See App.R. 12(A)(1)(c).
 {¶ 14} In his fifth assignment of error, appellant argues that he was deprived of the effective assistance of appellate counsel. We overrule appellant's fifth assignment of error because appellant has failed to demonstrate prejudice as required by Strickland v. Washington (1984), 466 U.S. 668, 692,104 S.Ct. 2052. Appellant has not shown any appellate issues that he was prevented from raising once this court granted his application for reopening under App.R. 26(B).
 {¶ 15} Having ruled on appellant's five assignments of error, we reverse the judgments of the common pleas court sentencing appellant for the cocaine possession counts, vacate appellant's sentences, and remand this case for further proceedings consistent with this opinion.
Young and Bressler, JJ., concur.
[1] This court consolidated three criminal cases from the common pleas court that appellant separately appealed.
[2] While appellant may argue for a reduction in his sentences, nothing prevents the state from seeking greater penalties. SeeFoster at ¶ 105.
[3] As explained in Foster, Ohio's sentencing scheme no longer has presumptive minimum terms. See Foster at ¶ 96 and ¶ 97.
[4] The common pleas court is still required to make judicial findings if it orders a "downward departure" pursuant to R.C.2929.13(D). See Mathis at paragraph one of the syllabus.