OPINION
{¶ 1} Defendant-appellant, Mauro Martinez, appeals his convictions for gross sexual imposition and importuning in the Clinton County Court of Common Pleas. We affirm the convictions of the trial court.
 {¶ 2} On October 2, 2004, Martinez, with additional temporary laborers, was transported via bus from Columbus, Ohio to Wilmington, Ohio to work overnight at the Airborne Express/DHL ("ABX/DHL") sorting facility. The driver of the bus was accompanied by his son, T.B., who was ten years old at the time of the offense.
 {¶ 3} Upon the bus's arrival at the facility, appellant was informed by ABX/DHL personnel that he would not be able to work that evening because he appeared to be intoxicated. After the other workers entered the facility, the driver, his son, and appellant traveled to a gas station and convenience store. Appellant purchased a six-pack of beer that the driver allowed him to consume on the bus. They returned to the ABX/DHL parking lot where they waited for the return of the third-shift workers.
 {¶ 4} While waiting, the driver went to the middle of the bus and fell asleep. According to T.B., appellant began asking T.B. to perform fellatio on appellant. T.B. testified that appellant, with his penis exposed, "just kept saying, `suck it, suck it,' and stuff like that." T.B. also detailed how appellant reached into the victim's pants and "touch[ed] and squeez[ed]" his testicles.
 {¶ 5} Witness George Thomas, a bus driver that had transported workers from Cincinnati, Ohio that evening, was in a bus parked on the left side of the bus carrying appellant. He testified that he had seen appellant earlier that evening and believed that he was intoxicated. When the offense occurred, Thomas saw appellant corner T.B. near and in the driver's seat of the adjacent bus, rub T.B.'s head and forcefully turn T.B.'s head toward appellant's waist. Thomas soon thereafter called Airborne Express security when he saw what he believed to be a look of stress on the victim's face.
 {¶ 6} Security arrived at which point appellant said he was only attempting to use the victim's mobile phone in order to call his wife in Columbus. Martinez testified that he had trouble communicating what number to dial with T.B. because Martinez's primary language is Spanish. He said that the only contact with T.B. was touching T.B.'s hand as appellant tried to dial the phone number.
 {¶ 7} Appellant was indicted on October 15, 2004 on one count of gross sexual imposition and one count of importuning. He was arrested in March of 2005. Appellant waived his right to a jury trial. A bench trial was conducted on June 20, 2005 and appellant was found guilty of both charges. Appellant now appeals his conviction raising a single assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN FINDING THAT THE STATE MET ITS BURDEN OF PROOF, BEYOND A REASONABLE DOUBT, AS TO EACH AND EVERY ELEMENT OF THE CHARGED OFFENSES. THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} In the sole assignment of error, appellant contests the sufficiency of evidence to support the convictions of gross sexual imposition and importuning. He further argues that the verdict was contrary to the manifest weight of the evidence.
 {¶ 10} In reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Conway, 108 Ohio St.3d 214, 2006-Ohio-791, ¶36, citing State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Carnes, Brown App. No. CA2005-01-001, 2006-Ohio-2134. The evidence is not weighed; rather, inquiry is limited to whether reasonable minds could reach the conclusion reached by the trier of fact. State v.Gross, 97 Ohio St.3d 121, 2002-Ohio-5524, ¶ 67.
 {¶ 11} In this case, appellant was charged with one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). This statute provides:
 {¶ 12} "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 13} "* * *
 {¶ 14} "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 15} The state also charged appellant with one count of importuning in violation of R.C. 2907.07(A). This statutes provides:
 {¶ 16} "(A) No person shall solicit a person who is less than thirteen years of age to engage in sexual activity with the offender, whether or not the offender knows the age of such person."
 {¶ 17} The evidence at trial, viewed in a light most favorable to the prosecution, supports the conclusion that a rational trier of fact could have found that the state proved each necessary element beyond a reasonable doubt. The victim's testimony established that he was ten years old when the crime occurred and he was not the spouse of the appellant. At trial, the victim described in detail that appellant placed his hand down the victim's pants and touched and squeezed the victim's testicles.
 {¶ 18} The victim also testified to appellant's repeated solicitations to engage in sexual activity. He testified that Martinez exposed his penis to him and told him to "suck it" several times. The victim described how appellant placed his hand on the victim's head to try and force him into fellatio.
 {¶ 19} Witness Thomas, who telephoned Airborne Express security that night, testified to seeing appellant and the victim on the bus parked next to his. Believing Martinez to be intoxicated, Thomas testified to how Martinez "corner[ed] off" the victim and "push[ed] all up on him." Thomas saw appellant contact the victim's head while appellant reached for his own pants. Thomas called for security when he saw the distressed look on the victim's face.
 {¶ 20} Christy Cox, an EMT firefighter, also provided testimony at trial. The trial court admitted statements the victim made to Cox under the excited utterance hearsay exception provided by Evid.R. 803(2). Cox was the first person to speak with the victim after security arrived on the scene. He told her that appellant held his head down and tried to make the victim perform fellatio. She described how she attempted to calm the victim down because he was crying and shaking.
 {¶ 21} Given the foregoing evidence, we conclude that sufficient evidence exists to support the charges of gross sexual imposition and importuning.
 {¶ 22} Appellant also argues that the verdict was against the manifest weight of the evidence. In considering a manifest weight claim, an appellate court "reviews the entire record, weighs the evidence and all reasonable inferences, [and] considers the credibility of witnesses." State v. Hancock, 108 Ohio St.3d 57,2006-Ohio-160, ¶ 39, citing State v. Martin (1983),20 Ohio App.3d 172, 175. The relevant determination is "whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." Hancock at ¶ 39, citingState v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52; see, also, Carnes, 2006-Ohio-2134 at ¶ 48.
 {¶ 23} Appellant attempts to attack the credibility of T.B. by pointing to an inconsistency in T.B.'s written statement taken at the time of the incident and his testimony at trial, specifically whether there was a "yellow pee" emission from appellant's penis. T.B. testified at trial that he did not remember the statement and that he did not think anything came out of Martinez's penis. Appellant also cites differing accounts as to when the offense occurred and whether T.B. or his father attempted to help appellant use a mobile phone to place a call.
 {¶ 24} After reviewing the entire record, we find that the verdict was not against the manifest weight of the evidence. T.B. testified that appellant used a hand to try and force T.B. to perform oral sex. Thomas provided corroborating testimony. He witnessed that the victim appeared to be cornered and in a stressful situation. Thomas saw appellant rubbing the victim's head and that appellant tried to turn it.
 {¶ 25} As described earlier, the witness Cox was the first on the scene to talk to T.B. The events the victim recounted to her were similar to his testimony at trial. She further detailed how the victim was physically distressed at the time.
 {¶ 26} We find the testimony of T.B. to be credible. The testimony was further bolstered by the corroborating testimony of both Thomas and Cox. Appellant provided the most conflicting version of what occurred that night, maintaining that he only touched T.B.'s hand during the process of trying to use the mobile phone. The original trier of fact is in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. Accord, Fayette App. No. CA2005-05-019,2006-Ohio-2250, ¶ 37, citing State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. We cannot say that the trial court's decision created a manifest miscarriage of justice requiring reversal based upon the record before us. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 27} Judgment affirmed.
Walsh, P.J., and Hendrickson, J., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section6(C), Article IV of the Ohio Constitution.